IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRELL DEMETREUS COOKS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:25-cv-00791-BL |
| WAYNE SANDERSON FARM, | ) ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff Terrell Demetreus Cooks, proceeding *pro se* and *in forma pauperis*, initiated this action under 42 U.S.C. § 2000.  (Doc. 1).  On October 30, 2025, the Magistrate Judge recommended that the court dismiss the Plaintiff's case prior to service of process as time-barred.  (Doc. 10).  The Plaintiff filed objections to the recommendation.  (Doc. 11).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").  A district court's obligation

to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In his one-page letter titled "Objections to R&R," the Plaintiff does not address any portion of the Recommendation nor challenge a specific factual finding or legal conclusion of the Magistrate Judge. (Doc. 11). Because the Plaintiff fails to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** the purported "objections."

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge and **DISMISSES** this action **WITH PREJUDICE** as time-barred prior to service of process.[1] The Court agrees with the Magistrate Judge that because the Plaintiff's claims fail as a matter of law, any further amendment would be futile.[2]

---

[1] There is nothing before the court to suggest that equitable tolling paused the running of the limitations period. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990) ("[T]he statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling."); *Bazemore v. Dynamic Sec.*, No. 2:12CV436-MEF, 2012 WL 3543473, at *3 (M.D. Ala. July 26, 2012), report and recommendation adopted, No. 2:12CV436-MEF, 2012 WL 3544741 (M.D. Ala. Aug. 16, 2012) ("Plaintiff bears the burden of establishing that equitable tolling is appropriate.").

[2] The Magistrate Judge's recommendation is silent as to whether to dismiss the action with or without prejudice. Here, because any further amendment would be futile, the court dismisses the

The Court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 27th day of July, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE

---

action with prejudice. *See Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (stating that the "general rule against dismissal with prejudice without notice does not apply if the claim is patently frivolous or if amendment would be futile").